# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-16-62-D |
| ) | |
| BARRY LEONARD KEITH, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

The Court has received a pro se filing by Defendant, requesting that the Court vacate its order of restitution in this case [Doc. No. 42]. The United States has moved to strike Defendant's submission [Doc. No. 46] on the grounds that (1) Defendant is currently represented by counsel and (2) his motion fails on the merits.

Defendant has legal representation in this case, who has represented him throughout these proceedings and recently filed an appeal on Defendant's behalf [Doc. No. 43]. Defendant has no right to hybrid representation in which he both represents himself and is represented by counsel, and "a district court does not need to consider pro se objections made by defendants represented by counsel." *United States v. Smith*, 815 F.3d 671, 679 (10th Cir. 2016) (quoting *United States v. Harrison*, 743 F.3d 760, 762 (10th Cir. 2014)); *accord United States v. Jarvi*, 537 F.3d 1256, 1262 (10th Cir. 2008) ("Because Mr. Jarvi was proceeding through

counsel, the district court was within its discretion not to consider the pro se motion in connection with challenges to the PSR.").

Accordingly, the United States' Motion to Strike Motion to Vacate Restitution [Doc. No. 46] is **GRANTED** as set forth herein. Defendant's pro se Motion to Vacate Restitution [Doc. No. 42] is **STRICKEN** from the record and will not be considered.

**IT IS SO ORDERED** this 10th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE