# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. CR-16-62-D |
| BARRY LEONARD KEITH, | ) |
| *Defendant*. | ) |

## ORDER

Before the Court is Defendant's *pro se* motion [Doc. No. 63], seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The United States has responded in opposition [Doc. No. 67]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant robbed an IBC Bank in Oklahoma City in 2012. Presentence Investigation Report [Doc. No. 35] ¶ 43. Following a guilty plea, Defendant was sentenced to 36-months in custody followed by 3 years of supervised release. *Id*. Less than ten months after Defendant began his term of supervised release, on March 5, 2016, he robbed a MidFirst Bank in Oklahoma City. *Id*. ¶ 8. Following Defendant's guilty plea to the new charge, the Court sentenced him to 60 months' imprisonment. *See* Order [Doc. No 40]. The Tenth Circuit affirmed Defendant's sentence on appeal. *United States v. Keith*, 727 Fed App'x. 513 (10th Cir. 2018).

**DISCUSSION**

A federal district court may modify a defendant's sentence where Congress has specifically authorized it to do so. *See, e.g.*, 18 U.S.C. § 3582(c)(1)(B) (permitting a court to modify an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) ("A district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.").

One statute providing such authorization is 18 U.S.C. § 3582(c)(1)(A), which gives the district court discretion to grant compassionate release. Prior to the enactment of the First Step Act, only the Director of the Bureau of Prisons could seek compassionate release under § 3582(c)(1)(A). *See United States v. Gutierrez*, 2019 WL 2422601, at *1 (D. N.M. June 10, 2019). On December 21, 2018, the President signed the FSA into law. *See* FSA, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b)(1) of the FSA amended 18 U.S.C. § 3582(c)(1)(A) to allow for a defendant to bring his own motion for compassionate release, provided he first exhausts his administrative remedies with the BOP. *See* FSA, § 603(b)(1); 18 U.S.C. § 3582(c)(1)(A).

Defendant argues for compassionate release under 18 U.S.C. § 3582(c)(1)(A), though he has made no showing that he has exhausted his administrative remedies with the BOP with respect to his health issues. To have done so, he must first submit his request to BOP and either (1) complete the administrative appeal process, if BOP denies his request; or (2) wait 30 days from BOP's receipt of his request to deem its lack of response a denial

of his request. *See* 18 U.S.C. § 3582(c)(1)(A).  The requests the BOP considers must be the same raised before the Court.  *See* [Doc. No. 63] at 1 (no mention of health condition in communications with the BOP).  To be sure, Defendant raised some of the issues before the BOP is his exhaustion attempts.  But other issues raised here—issues central to Defendant's argument for compassionate release—were never raised before the BOP.  The Court is therefore without jurisdiction to entertain Petitioner's request for compassionate release.

## CONCLUSION

Defendant's *pro se* motion [Doc. No. 63] for a reduction in sentence is **DENIED**, as set forth herein.

**IT IS SO ORDERED** this 5th day of December 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge